HATTIE MOODY *v.* KENTUCKY CENTRAL LIFE & ACCIDENT INSURANCE COMPANY

(No. 8725)

Submitted October 25, 1938.    Decided November 10, 1938.

*Perry & Perry,* for plaintiff in error.

HATCHER, JUDGE:

The plaintiff is the beneficiary of an accident insurance policy. She recovered a judgment against the insurance company upon allegation and proof of the insured's death, which resulted from an accidental injury occurring on November 14th, 1936. The company defends

upon the ground that the injury occurred before the policy became effective.

There is no conflict whatever in the proof. The insured injured his knee "along right before noon" on November 14, 1936. He "hobbled around" and worked the rest of the day. When he arrived home that afternoon he was limping and his knee was swollen and painful. His condition grew constantly worse. A surgical operation on November 22nd disclosed a virulent infection of the knee joint. The infection spread and caused his death on December 19th.

The policy, though dated November 16th, was delivered and the advance weekly premium collected "sometime after four o'clock" the afternoon of November 14th. The policy contained this provision: "The applicant must be * * * free from any injury when this policy is delivered in person, and no liability is assumed by the Company for any accident occuring * * * prior to the date of the actual delivery of this policy."

We deem it unnecessary to decide whether the policy became effective at delivery on November 14th, or later on its date, November 16th. The very accident upon which this suit is based occurred, according to the undisputed evidence of plaintiff's own witnesses, several hours before the delivery. So even if the policy became effective upon delivery, this accident, having occurred prior thereto, was excluded from the policy risk by the foregoing provision. Such provisions "being within the power of the parties to make, are valid and enforceable." Cooley's Briefs on Insurance (2d Ed.), 651. Accord: Couch Cyc. of Ins. Law, section 130; 37 C. J., subject Life Insurance, section 78.

The judgment is reversed and the case remanded.

*Reversed and remanded.*